## MICHAUD et al. v. ROGERS et al.

District Court, S. D. New York.
April 25, 1941.

Leopold V. Eastman, of New York City, for plaintiffs.

O'Brien, Driscoll & Raftery, of New York City, for defendants.

HULBERT, District Judge.

This action was begun in the New York Supreme Court and removed here because of diversity of citizenship.

Issue was joined February 4, 1941, and the case is on the nonjury calendar of this court and about to be reached for trial.

The action is brought against Rogers for breach of a contract dated "on or about May 1939" whereby Rogers employed the plaintiffs as his sole and exclusive personal managers for a period of ten years, the compensation of the plaintiffs to be a sum equal to 25% of the net earnings per annum, and the defendant and his orchestra to be available for engagements and employment at least forty-eight weeks during each year during said term.

The cause of action against the defendant Pickford, who is the wife of Rogers, alleges that she induced him to break the contract, for which recovery of $150,000 is sought.

The agreement contained the following provision:

"9.(a) Notwithstanding anything herein contained to the contrary, it is understood and agreed that Rogers shall have the right to terminate the within agreement at the expiration of the first year hereunder, if he has not earned and received the sum of Twenty-Four Thousand Dollars ($24,000) under the terms and provisions hereof. * * *"

"(b) The right of termination hereinabove granted shall be exercised by Rogers

by written notice, given to the Manager within thirty (30) days after the expiration of such fiscal year, and unless so given shall be deemed waived for the said fiscal year immediately preceding."

It is one of the defenses of the defendant Rogers that the notice above provided for was given and the contract terminated by mutual agreement.

The plaintiffs noticed a motion returnable April 22, 1941, pursuant to Rule 56 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for summary judgment, on the cause of action against the defendant Rogers, on the ground that no genuine issue exists as to any material facts and the defenses set forth in the answer as to said cause of action are not sufficient in law; or if said motion for summary judgment be denied, that the court, pursuant to Rule 56 (d) shall direct that the trial of this action be confined to the issues which remain in dispute.

The defendant brought on a cross-motion to amend his answer and to set up a counterclaim for sums paid to the plaintiff aggregating $4,500, which the defendant claims the plaintiffs were not entitled to ask and receive, in as much as the compensation of the plaintiffs is based upon a percentage of earnings.

It is contended by the plaintiffs that their motion must be granted because the defendant has not, by affidavit, controverted statements contained in the moving affidavits in support of the plaintiffs' cause of action against Rogers.

Rule 56 (f) provides: "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

The attorneys for the defendants assert their inability to communicate with the defendant Pickford because of her illness and the fact that she has entered, or is about to enter a hospital in California for an operation; likewise their inability to have communicated with the defendant Rogers within the ten days after the service of the notice of motion because he is on the road with his orchestra.

Ordinarily I should hold that these excuses are insufficient, but, until counsel have had an opportunity to become more familiar with the new rules, the courts have been disposed to be lenient. Walsh v. Connecticut Mutual Life Ins. Co., D.C., 26 F.Supp. 566.

Moreover, the Rules are to be construed "to secure the just, speedy and inexpensive determination" of civil actions.

While the defendant could only amend his pleading by leave of court (or by written consent of his opponent) leave should be given freely when justice so requires. Rule 15, F.R.C.P.

The defendants' cross-motion should be, and is, granted upon condition that defendants will be ready for trial when the case is reached in its regular order; that necessitates the denial of the plaintiffs' motion, but without prejudice. Settle order on notice.